## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICE JENKINS<br>2134 N. 58th St.<br>Philadelphia, PA 19131<br>        Plaintiff,<br><br>    v.<br><br>ARAMARK MANAGEMENT<br>SERVICES LIMITED PARTNERSHIP<br>1101 Market St.<br>Philadelphia, PA 19107<br>    and<br>UNIVERSITY OF PENNSYLVANIA<br>3101 Walnut St.<br>Philadelphia, PA 19104<br><br>        Defendants. | CIVIL ACTION<br><br>No.: _____<br><br><br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiff, Patrice Jenkins, by and through her undersigned counsel, hereby avers as follows:

### I.     INTRODUCTION

1.    Plaintiff has initiated this action to redress violations by Aramark Management Services Limited Partnership and the University of Pennsylvania (*hereinafter* collectively referred to as "Defendants" unless indicated otherwise) of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et. seq.*), 42 U.S.C. §1981, and the Pennsylvania Human

Relations Act ("PHRA").[1] Plaintiff was subjected to discrimination based on her advanced age and race and she suffered damages more fully described/sought herein.

## II.    JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under the ADEA and Title VII and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff will move to amend her instant lawsuit to include a claim under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant ADEA and Title VII claims identically.

### III.   PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant Aramark Management Services Limited Partnership (*hereinafter* "Defendant Aramark") is a entity with a location at the above-captioned address which provides food service, facilities and uniform services to hospitals, universities, school districts, stadiums and other businesses around the world, including the University of Pennsylvania (where Plaintiff physically worked).

9.      Defendant University of Pennsylvania ("Defendant UOP") is a university located in Philadelphia, Pennsylvania.

10.      Plaintiff physically worked at Defendant UOP in Philadelphia, PA since in or about March of 2013 and was placed there through a contractor service company called SSC Service Solutions/Compass Group, USA. However, even though she was paid SSC Service Solutions/Compass Group, USA during her tenure with Defendant UOP, she was still treated in all functional respects like an employee while working within Defendant UOP. For example, Defendant UOP's management had the ability to recommend discipline to Plaintiff, give directive to Plaintiff, and have input in managerial decisions regarding Plaintiff's employment. Thus, for the foregoing reasons, Defendant UOP may be treated as a single and/or joint employer for purposes of the instant action.

11.      In or about the Spring of 2016, Defendant Aramark was announced as the new service contractor for Defendant UOP, beginning on or about July 1, 2016.

12.    When Defendant Aramark became the new service contractor for Defendant UOP, Defendant Aramark and Defendant UOP jointly made decisions regarding the continued employment of SSC Service Solutions/Compass Group, USA employees, including Plaintiff.

13.    Therefore, based on the foregoing, Defendant Aramark may be treated as a single and/or joint employer for purposes of the instant action.

14.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.    FACTUAL BACKGROUND

15.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16.    Plaintiff is a 40-year-old African-American (black) female.

17.    Since in or about March of 2013, Plaintiff was employed and paid by a service contractor company called SSC Service Solutions/Compass Group, USA; however, she was physically working at Defendant UOP as an administrative assistant.

18.    Plaintiff had physically worked at Defendant UOP for approximately 3 years, wherein she was given directive by Defendants' management and wherein Defendant UOP's management had input regarding managerial decisions pertaining to Plaintiff's employment and the employment of other employees of SSC Service Solutions/Compass Group, USA, including but not limited to assignments, directives, discipline, and termination.

19.    During Plaintiff's employment with Defendant UOP, one manager of Defendant UOP, Wendy Sparks - Director of Housekeeping, exhibited discriminatory animus and hostility towards older and African-American/black workers. For example, on the occasions that Ms.

Sparks would interact with Plaintiff, she was extremely rude, belittled Plaintiff, and tried to blame Plaintiff for her mistakes. Plaintiff did not see younger and/or non-black employees being treated in the same way.

20.     Plaintiff also observed Ms. Sparks and other management from Defendant UOP single out other older and/or African-American (black) employees and attempt to push them out and/or try and find reasons to terminate them.

21.     In or about the Spring of 2016, Plaintiff was informed that Defendant Aramark would officially be the new service contractor for Defendant UOP starting on or about July 1, 2016.

22.     Plaintiff went on one interview with Defendant Aramark, wherein she interviewed by two Caucasian individuals; however, she was not hired/retained. Plaintiff was informed that she was not hired to work for Defendant Aramark because they did not "see any opportunities for [her] at this time."

23.     The reason given as to why Plaintiff was not hired is completely pretextual as she was the only administrative assistant working for Defendant UOP's housekeeping department at the time that Defendant Aramark assumed the services contract and therefore, was the most experienced and qualified individual for the job.

24.     Despite the fact that Plaintiff had worked at Defendant UOP for over 3 years and had a solid work history, she was not retained and/or hired by Defendants and upon information and belief she was replaced by a younger Caucasian female.

25.     In addition, other younger, Caucasian individuals were also hired from outside of SSC Service Solutions/Compass Group, USA to fill vacant positions that older and/or African-American (black) employees of SSC Service Solutions/Compass Group, USA used to hold.

26.     There were multiple other employees of SSC Service Solutions/Compass Group, USA who were African-American (black) and/or over the age of 40 who were also not retained despite their skills, work ethic, and seniority.

27.     Because Plaintiff worked in the administrative office with several members of Defendant UOP's management, she specially observed Ms. Sparks participating in several meetings and discussions with Defendant Aramark.

28.     Upon information and belief, Ms. Sparks directly participated in Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Service Solutions/Compass Group, USA when Defendant Aramark was awarded the service contract with Defendant UOP.

29.     Upon further information and belief, Defendants did not consider seniority, discipline, or other neutral criteria and hired/retained younger and/or Caucasian employees to fill vacant positions that older and/or African-American/black employees used to hold.

30.     Plaintiff was terminated from Defendant UOP (due to Defendants' decision not to retain and/or hire her) on or about June 30, 2016.

31.     Plaintiff believes and therefore avers that she was terminated and/or not retained by Defendants because of her advanced age and/or because of her race.

**First Cause of Action**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**(Age Discrimination)**
**-Against Both Defendants-**

32.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full

33.     In or about the Spring of 2016, Plaintiff was informed that Defendant Aramark would be the new service contractor for Defendant UOP starting on or about July 1, 2016.

34.     In or about the Summer of 2016, Plaintiff was informed that she had not been retained and/or hired by Defendant Aramark to work at Defendant UOP and she was not provided with any logical or legitimate reason as to why she had not be retained and/or hire.

35.     There were multiple other employees of SSC Service Solutions/Compass Group, USA who were over the age of 40 and were also not retained despite their skills, work ethic, and seniority.

36.     Upon information and belief, younger individuals were hired from outside SSC Service Solutions/Compass Group, USA to fill vacant positions that older employees of SSC Service Solutions/Compass Group, USA used to hold (including Plaintiff's position).

37.     Upon information and belief, Defendants did not consider seniority, discipline, or other neutral criteria when making decisions regarding who to retain and/or terminated from SSC Service Solutions/Compass Group, USA.

38.     Upon information and belief, Defendant UOP, specifically Ms. Sparks, directly participated in the Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Service Solutions/Compass Group, USA when Defendant Aramark was awarded the services contract with Defendant UOP.

39.     Plaintiff believes and therefore avers that she was not retained and/or hired with Defendants because of her advanced age.

40.     These actions as aforesaid constitute unlawful discrimination under the ADA.

**Second Cause of Action**
**Violations of 42 U.S.C. § 1981 ("Section 1981")**
**(Race Discrimination)**
**-Against Both Defendants-**

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full

7

42.    In or about the Spring of 2016, Plaintiff was informed that Defendant Aramark would be the new service contractor for Defendant UOP starting on or about July 1, 2016.

43.    In or about the Summer of 2016, Plaintiff was informed that she had not been retained and/or hired by Defendant Aramark to work at Defendant UOP and she was not provided with any logical or legitimate reason as to why she had not be retained and/or hire.

44.    There were multiple other employees of SSC Service Solutions/Compass Group, USA who were also African-American (black) and were also not retained despite their skills, work ethic, and seniority.

45.    Non-black individuals were hired from outside SSC Service Solutions/Compass Group, USA to fill vacant positions that African-American (black) employees of SSC Service Solutions/Compass Group, USA used to hold (including Plaintiff's position)

46.    Upon information and belief, Defendants did not consider seniority, discipline, or other neutral criteria when making decisions regarding who to retain and/or terminated from SSC Service Solutions/Compass Group, USA.

47.    Upon information and belief, Defendant UOP, specifically Ms. Sparks, directly participated in the Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Service Solutions/Compass Group USA when Defendant Aramark was awarded the services contract with Defendant UOP.

48.    Plaintiff believes and therefore avers that she was not retained and/or hired by Defendants because of her race.

49.    These actions as aforesaid constitute unlawful discrimination under Section 1981.

**Third Cause of Action**
**Violations of Title VII**
**(Race Discrimination)**
**-Against Both Defendants-**

50.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full

51.     In or about the Spring of 2016, Plaintiff was informed that Defendant Aramark would be the new service contractor for Defendant UOP starting on or about July 1, 2016.

52.     In or about the Summer of 2016, Plaintiff was informed that she had not been retained and/or hired by Defendant Aramark to work at Defendant UOP and she was not provided with any logical or legitimate reason as to why she had not be retained and/or hire.

53.     There were multiple other employees of SSC Service Solutions/Compass Group, USA who were also African-American (black) and were also not retained despite their skills, work ethic, and seniority.

54.     Non-black individuals were hired from outside SSC Service Solutions/Compass Group, USA to fill vacant positions that African-American (black) employees of SSC Service Solutions/Compass Group, USA used to hold (including Plaintiff's position)

55.     Upon information and belief, Defendants did not consider seniority, discipline, or other neutral criteria when making decisions regarding who to retain and/or terminated from SSC Service Solutions/Compass Group, USA.

56.     Upon information and belief, Defendant UOP, specifically Ms. Sparks, directly participated in the Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Service Solutions/Compass Group USA when Defendant Aramark was awarded the services contract with Defendant UOP.

57.     Plaintiff believes and therefore avers that she was not retained and/or hired by Defendants because of her race.

58.     These actions as aforesaid constitute unlawful discrimination under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C.     Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D.     Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

F.     Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: June 22, 2017

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

PATRICE JENKINS                                :        CIVIL ACTION

v.                                             :

ARAMARK MANAGEMENT SERVICES                    :
LIMITED PARTNERSHIP, ET AL.                    :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                 (X )

6/22/2017                                                           Plaintiff
_____        _____              _____
Date                      Attorney-at-law                 Attorney for

(215) 639-0801            (215) 639-4970                   akarpf@karpf-law.com
_____        _____              _____
Telephone                 FAX Number                      E-Mail Address

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA** — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2134 N. 58th Street, Philadelphia, PA 19131

Address of Defendant: 1101 Market Street, Philadelphia, PA 19107; 3101 Walnut Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐   No☒

Does this case involve multidistrict litigation possibilities?        Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/22/2017 _____        ARK2484
                 Attorney-at-Law        Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/22/2017 _____        ARK2484
                 Attorney-at-Law        Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JENKINS, PATRICE

## DEFENDANTS

ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP, ET AL.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS

- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY

- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION

- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY

- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621); Title VII (42USC2000); 42USC1981

Brief description of cause:
Violations of the ADEA, Title VII, 42USC1981 and the PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   6/22/2017

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

[ Print ]   [ Save As... ]   [ Reset ]